IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-30040 |
| | ) | |
| JOHN BEARD, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

    This matter comes before the Court on Defendant John Beard's pro se Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) (d/e 143) (Motion).  Beard has also filed a "Motion for Consideration for Reduction of Sentence (d/e 147) (Renewed Motion). The Court appointed counsel to represent Beard.  On November 1, 2011, appointed counsel moved to withdraw because counsel saw no basis for a reduction in Beard's sentence.  See d/e 144.  The Court allowed counsel to withdraw and offered Beard the opportunity to explain why he was

entitled to a reduction in his sentence. Text Order dated November 2, 2011. Beard responded with the Renewed Motion. For the reasons set forth below, Beard's Motions (d/e 143, 147) are DISMISSED for lack of subject-matter jurisdiction.

I. BACKGROUND

Following a November 2002 jury trial, Defendant Beard was convicted of Possession of 500 Grams of Cocaine With Intent to Distribute (Count I) and Possession of 5 Grams of Cocaine Base (Crack) With Intent to Distribute (Count II), in violation of 21 U.S.C. § 841(a)(1), and Carrying a Firearm During a Drug Trafficking Crime (Count III), in violation of 21 U.S.C. § 924(c)(1). On May 23, 2003, the Court sentenced Beard to 248 months' imprisonment. This term consisted of 188 months on each of counts 1 and 2 to run concurrently and 60 months on count 3 to run consecutively to counts 1 and 2.

On May 9, 2005, Beard filed a Motion to Vacate, Set Asside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Petition). On February 28, 2006, the Court allowed Beard's § 2255 Petition in part. The Court

determined that the sentence imposed was subject to collateral attack because the sentence was based on an improperly overstated quantity of drugs. The Court ordered that Beard be resentenced.

The Fourth Revised Presentence Investigation Report (PSR) prepared for Beard's resentencing stated that Beard was accountable for 3,769.55 grams of cocaine and 16.4 grams of crack cocaine. PSR, ¶ 26. These amounts were converted into a marijuana equivalent of 1081.91 kilograms. Based upon the conversion, Beard had an offense level of 32. Beard's criminal history category was V. Based on an offense level of 32 and a criminal history category of V, the guideline range for counts 1 and 2 was 188 to 235 months. Furthermore, the minimum for count 3 was 60 months and was required to be consecutive to the term imposed on counts 1 and 2. Therefore, the PSR stated the sentencing range was 248 to 295 months. At sentencing, the Court adopted the findings of the PSR with respect to the determination of Beard's guideline range. See d/e 112-1. The Court sentenced Beard to 248 months' imprisonment.

In February 2008, Beard filed a Motion to Reduce Sentence (d/e

130) based on Amendment 706, which reduced the base offense level for most crack offenses, and Amendment 711, which modified the procedure for determining the combined base offense level in offenses involving a combination of crack and other controlled substances. The Government and the United States Probation Office agreed that Beard was eligible for a two-level reduction of his criminal offense level. A criminal history category of V and a new offense level of 30 yielded an amended sentencing guideline range of 151 to 188 months on counts 1 and 2. Because the sentence on count 3 was required to be consecutive to the sentence imposed on counts 1 and 2, the sentencing range was 211 to 248 months. The Court reduced Beard's sentence to 211 months.

In September 2011, Beard filed the instant Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 143). The Court appointed the Federal Public Defender to represent Beard in this matter. On November 1, 2011, the Federal Public Defender moved to withdraw after concluding Beard is ineligible for a reduction under Amendment 750. The Court granted the motion to

withdraw and gave Beard time to file any supplement or new motion.

On March 12, 2012, Beard filed the Renewed Motion (d/e 147) in which he asserts he is entitled to a reduced sentence pursuant to the retroactive amendment to the crack cocaine guideline. Beard also argues issues related to the PSR's recitation of relevant conduct and the drug amounts for which Beard was held responsible. Specifically, Beard argues paragraphs 22 and 23 of the PSR should have been stricken, and, if they were stricken, the drug amounts he would be held responsible for would entitle him to a two-level reduction of his offense level after Amendment 750 and his new offense level would be 28.

## II. ANALYSIS

"District courts have limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Section § 3582(c)(2) of the United States Code allows a court to reduce a previously imposed sentence (1) where the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2)

"such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  If the defendant cannot satisfy the first criterion, the court lacks subject-matter jurisdiction to consider the reduction request.   United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

The Fair Sentencing Act of 2010, amending 21 U.S.C. § 841(b)(1), reduced the disparity between sentences involving crack and powder cocaine by raising the amounts of crack mandating minimum prison sentences.  See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b()1); United States v. Vance, 659 F.3d 613, 616 (7th Cir. 2011).  The Act also ordered the United States Sentencing Commission to amend the Federal sentencing guidelines "'to achieve consistency with other guideline provisions and applicable law.'" United States v. Perez, 2011 WL 2183879, at *1 (N.D. Ind. 2011), quoting Pub. L. No. 111-220 at § 8, 124 Stat. at 2374.

The Sentencing Commission amended the sentencing guidelines by reducing the sentencing guideline ranges for certain federal crack cocaine

offenders. See Amendment 750. Effective November 1, 2011, the Sentencing Commission made those amended sentencing guidelines apply retroactively. See U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment 750). "Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2)." United States v. Turner, 2011 WL 4704277, at*1 (W.D.Va. 2011).

Here, the Court lacks subject-matter jurisdiction to consider Beard's reduction request because the sentencing range on which his sentence was based was not subsequently lowered by the Sentencing Commission's most recent amendment.

When Beard was resentenced after his prior Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses was granted. Beard's amended offense level for counts 1 and 2 was 30. With

a criminal history category of V, Beard's amended guideline range on those counts was 151 to 188 months.  After adding the mandatory consecutive 60-month sentence on count 3, the total amended guideline range was 211 to 248 months.

After Amendment 750, the base offense level of 30 still applies to Beard.  As stated, Beard was held accountable for 3,769.55 grams of cocaine and 16.4 grams of crack cocaine.  Under the new amended guidelines, 3,769.55 grams of cocaine equals 753.91 kilograms of marijuana and 16.4 grams of crack equals 58.56 kilograms of marijuna.  Therefore, the total marijuana equivalent under the new guidelines is 812.47 kilograms.  Under the new guidelines, more than 700 kilograms but less than 1,000 kilograms of marijuana is a base offense level of 30.  See U.S.S.G. § 2D1.1(c)(5) (2011).  With a criminal history category of V and a base offense level of 30, Beard's amended guideline range on counts 1 and 2 is still 151 to 188 months. With the mandatory consecutive 60 months on count 3, the total amended guideline range is 211 to 248 months.  Therefore, the Amendment has no effect on Beard's

sentencing guideline range. Because the Amendment did not change Beard's sentencing guideline range, he is not entitled to a reduction in his sentence. 18 U.S.C. § 3582(c); U.S.S.G. § 1B1.10, comment note 1; <u>United States v. Taylor</u>, 627 F.3d 674, 676 (7th Cir. 2010) (relief under §3582(c) "is not available when a retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range" even where it does lower the base offense level), <u>quoting</u> U.S.S.G. § 1B1.10(a)(2)(B).

As stated, in Beard's Renewed Motion he also challenges the credibility of information in paragraphs 22 and 23 of the PSR. That information was used to determine relevant conduct and affected the drug amount for which Beard was held responsible. Defendant raised these same arguments on direct appeal. The Seventh Circuit Court of Appeals rejected his arguments. <u>See</u> <u>United States v. Beard</u>, 219 Fed. Appx. 536, 540-42 (7th Cir. 2007). This Court does not have jurisdiction to revisit a ruling of the Seventh Circuit Court of Appeals.

Moreover, because Amendment 750 did not result in a lower sentencing range for Beard, this Court does not have subject-matter jurisdiction to consider other reasons for reducing Beard's sentence. See Forman, 553 F.3d at 588 (a court lacks subject-matter jurisdiction to consider a request for a sentence reduction under § 3582(c)(2) if the defendant cannot show that his sentencing range was subsequently lowered by the Sentencing Commission); see also United States v. Jackson, 573 F.3d 398, 400 (7th Cir. 2009 ) ("although Booker changed federal sentencing law, it did nothing to alter Congress' limited grant of authority to district courts to modify sentences after they are imposed").

Because Amendment 750 did not have the effect of lowering Beard's sentencing guideline range, this Court lacks subject-matter jurisdiction to reduce Beard's sentence under §3582(c)(2).

### III. CONCLUSION

For the reasons stated, Defendant John Beard's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine

Offense (d/e 143) and Renewed Motion (d/e 147) are DISMISSED for lack of subject-matter jurisdiction.

ENTER: March 15, 2012

FOR THE COURT:

                                                  s/ Sue E. Myerscough
                                                  SUE E. MYERSCOUGH
                                            UNITED STATES DISTRICT JUDGE