IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-30040 |
| | ) | |
| JOHN BEARD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Defendant John Beard's request that counsel be appointed to litigate issues raised by the United States Supreme Court's decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013). <u>See</u> d/e 160. Also pending is Defendant's Motion for Status, d/e 161. For the reasons that follow, Defendant's request for counsel is DENIED and his Motion for Status is DENIED as moot.

## I. BACKGROUND

Following a November 2002 jury trial, Defendant was convicted of Possession of 500 Grams of Cocaine With Intent to Distribute (Count I) and Possession of 5 Grams of Cocaine Base (Crack) With Intent to Distribute (Count II), in violation of 21 U.S.C. § 841(a)(1); and Carrying a

Firearm During a Drug Trafficking Crime (Count III), in violation of 21 U.S.C. § 924(c)(1)(A). The Court sentenced Beard to 188 months' imprisonment on Counts I and II followed by 60 months' imprisonment on Count III, for a total of 248 months' imprisonment.

Subsequently, Defendant directly appealed his conviction, arguing that no reasonable jury could have found him guilty beyond a reasonable doubt of carrying a gun in relation to a drug offense in violation of 18 U.S.C. § 924(c)(1)(A). See United States v. Beard, 354 F.3d 691 (7th Cir. 2004). The Seventh Circuit rejected Defendant's argument and affirmed his conviction on that count. Id. at 692-93.

In May of 2005, Defendant filed a Motion to Vacate, Set Aside or Correct his sentence, pursuant to 28 U.S.C. § 2255, on three grounds. United States District Court Judge Jeanne Scott granted the motion in part and held an evidentiary hearing on one of the claims. Following the hearing, the court vacated Defendant's sentence and later sentenced Defendant to 188 months' imprisonment on Counts I and II to run concurrently, and 60 months' imprisonment on Count III, to run consecutively to Counts I and II. See Beard v. United States, Case No. 05-3113. Defendant appealed that sentence as well and the Court of Appeals affirmed it on March 13, 2007. United States v. Beard, 219 Fed.Appx. 536

(7th Cir. 2007). Since that time, Defendant has twice moved to reduce his sentence under 18 U.S.C. § 3582(c)(2), due to the retroactive application of Amendments to the Sentencing Guidelines that reduced the base level for cocaine base (crack) offenses. See d/e 137, 147. The Court granted one of these motions, reducing Defendant's sentence to 151 months' imprisonment on each of Counts I and II to run concurrently, and 60 months' imprisonment on Count III to run consecutively to Counts I and II. See Text Order dated October 20, 2008.

On July 29, 2013, Defendant filed a pro se letter in which he expresses his belief that the United States Supreme Court case, <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), "directly affect[s] my case and sentence." d/e 160. Relying on <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the Supreme Court held in <u>Alleyne</u> that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155.

In Defendant's letter, Defendant states he is "not qualified to litigate any legal motions, proceedings, or other" and requests counsel to "properly present to and litigate to the Court this said issue." <u>Id.</u> The Government filed a Response to Defendant's request for counsel on October 1, 2013, in

which the Government asserts multiple reasons why the Defendant is not entitled to counsel. d/e 163.

## II. ANALYSIS

The Court does not construe Defendant's letter as a motion to attack his sentence and conviction under Alleyne and declines to evaluate any potential merits of that argument at this time. However, any motion seeking to make such an argument would be a post-conviction attack on Defendant's sentence or conviction, requiring Defendant to file a motion under 28 U.S.C. § 2255. Criminal defendants do not have a constitutional or statutory right to counsel for post-conviction proceedings. Instead, appointing counsel for post-conviction matters is in the discretion of the district court. Worlow v. Pate, 411 F.2d 972, 974 (7th Cir. 1969). As the Government notes in the Response to Defendant's letter, if the Court determines that an evidentiary hearing is necessary to determine issues presented in a petition filed under § 2255, the Court may appoint counsel for Defendant. Johnson v. Avery, 393 U.S. 483, 487 (1969). Until Defendant files such a petition, the Court will not consider appointing him counsel.

Defendant has previously filed a petition under § 2255 and did so pro se. See Beard v. USA, Case No. 05-3113, d/e 1. This Court granted that

petition in part and appointed counsel to represent Defendant at a hearing to determine the validity of one of Defendant's claims. Case No. 05-3113, d/e 8, 14. This previous filing shows Defendant is not only "qualified," but is fully capable of submitting a § 2255 petition without counsel.

In the Response to Defendant's letter, the Government argued that Defendant is required to seek authorization from the Seventh Circuit to file a "second or successive § 2255 motion." d/e 163 at 6. However, Defendant previously sought leave to file a successive petition under § 2255 in this case, and the Seventh Circuit ruled that such authorization was unnecessary because his first § 2255 motion "was partially successful and resulted . . . in a new judgment." Case No. 02-30040, d/e 158 (attached to this Opinion). Pursuant to the Seventh Circuit's order, Defendant can now file a petition under § 2255 that "proposes a constitutional challenge to the new judgment for the first time." Id. Accordingly, if Defendant believes that his argument under Alleyne is a "constitutional challenge to the new judgment for the first time," this second petition would not be a "successive collateral attack under § 2255" and Defendant does not need to seek authorization to file it. This decision and the explanation concerning the § 2255 motion should not be construed to suggest that the motion or Defendant's argument under Alleyne will have merit.

# III. CONCLUSION

Defendant's request for counsel, d/e 161, is DENIED and Defendant's Motion for Status, d/e 160, is DENIED as moot. Defendant is GRANTED leave to file a motion under § 2255, pursuant to the Seventh Circuit's Order of November 13, 2012, d/e 158. The Clerk of the Court is directed to send the "Standard 28:2255 Motion to Vacate, Set Aside, or Correct a Sentence Packet" to Defendant at the Rochester Federal Correctional Institution.

ENTER: October 10, 2013

FOR THE COURT:

                                        s/ Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE

# ATTACHMENT

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 5, 2012
Decided November 13, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3530

| | |
|---|---|
| JOHN BEARD,<br>*Applicant*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>*Respondent*. | On Motion for an Order Authorizing the District Court to Entertain a Second or Successive Motion for Collateral Review. |

**O R D E R**

John Beard has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive collateral attack under § 2255. But Beard's first motion to vacate was partially successful and resulted not only in a new sentencing proceeding, but in a new judgment. *See United States v. Beard*, 219 F. App'x 536 (7th Cir. 2007). And although Beard has twice asked the district court to reduce his sentence pursuant to 18 U.S.C. § 3582(c), those motions are part of the criminal case and do not count for purposes of § 2244(b). Beard, like the petitioner in *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), apparently proposes a constitutional challenge to the new judgment for the first time.[1] We **DISMISS** without prejudice Beard's application because he does not establish the need for authorization.

---

[1] Beard's application does not disclose a prior § 2255 action challenging the new judgment.